## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7451 | **DATE** | 4/21/2003 |
| **CASE TITLE** | Juan Pedroza vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Juan Pedroza's motion to vacate, set aside, or correct his sentence (1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 22 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 8 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| SLB | courtroom deputy's initials | 03 APR 22 AM 7:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
APR 2 2 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN PEDROZA, | ) |
| Petitioner, | ) No. 02 C 7451 |
| vs. | ) Judge Lindberg |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Juan Pedroza, has filed a petition pursuant to 28 U.S.C. §2255, requesting that this court vacate, set aside, or correct his sentence. Petitioner claims ineffective assistance of his trial counsel, Richard Mottweiler, for failure to correct errors at sentencing and failure to investigate the involvement of an informant. Petitioner further claims ineffective assistance of his appellate counsel, Timothy Joyce, for failure to raise issues regarding the ineffectiveness of Motweiler. Petitioner further contends that Joyce was acting under a conflict of interest because Joyce was hired by Motweiler. Petitioner does not challenge the validity of his plea agreement and is not asking to withdraw his guilty plea. For the reasons stated below, petitioner's motion is denied.

Following the denial of motions to suppress evidence and to dismiss the indictment based on alleged violations of the Speedy Trial Act, petitioner entered a conditional guilty plea in this court to one count of conspiracy to possess cocaine with intent to distribute. See 2000 WL 286890. The United States Court of Appeals for the Seventh Circuit affirmed this court's findings that there was sufficient evidence that petitioner's consent to search his home and car was voluntary; that there was sufficient evidence that petitioner freely consented to Drug



02 C 7451

Enforcement Agency (DEA) agents entry into and search of his house; and that a period of 51 days constituted a reasonable time for this court to consider and dispose of four complex pretrial motions. See U.S. v. Pedroza, 269 F.3d 821 (7th Cir. 2001).

In order to prevail on his ineffective assistance of counsel claim, petitioner must show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Additionally, petitioner must show that the deficient performance prejudiced his defense. Id. The prejudice prong requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court deciding an ineffective assistance claim need not address both components of the inquiry if petitioner makes an insufficient showing on one. Id. at 697.

First, petitioner claims that trial counsel was ineffective because he did not object to the application of United States Sentencing Guideline § 2D1.1 (b)(1). This guideline allows the district court to increase the offense level by two levels because a "dangerous weapon (including a firearm) was possessed." USSG § 2D1.1 (b)(1). This claim is premised upon an erroneous version of the facts. Trial counsel not only objected to the portion of the Pre-Sentence Report (PSR), advocating the increase in his written objections to the PSR, but trial counsel also orally objected to the increase at the sentencing hearing. Trial counsel also informed the court that the

2

02 C 7451

plea agreement stated that the guideline would not apply. The court, notwithstanding trial counsel's objections and the government's position, found the guideline applied.

Second, petitioner claims trial counsel was ineffective for failing to object to the application of the USSG §3C1.1 "obstruction of justice" enhancement and to present any case law or rebuttal evidence. In this regard, petitioner also argues that he was not prepared by trial counsel prior to his testimony at his suppression hearing. The guideline allows an increase by two levels if a defendant attempted to obstruct and impede the administration of justice during the prosecution of the offense. See USSG §3C1.1. The district court adopted the magistrate judge's findings that Pedroza gave "testimony that was inconsistent, evasive, and unreliable" at his suppression hearing. See U.S. v. Pedroza, 269 F.3d at 825. This claim of ineffective assistance is without merit because, again, trial counsel did object to the government's contention that petitioner willfully intended to gave false statements both in his written objections to the PSR and at the sentencing hearing. Trial counsel was not ineffective for failing to present any case law because the court's determination with which petitioner takes issue was one of fact, not one of law. Trial counsel also was not ineffective for failure to present rebuttal evidence, as petitioner has not suggested what evidence could have been presented to rebut the court's conclusion that during the suppression hearing petitioner willfully gave false statements. While it can be argued that petitioner should have been prepared better for the suppression hearing by trial counsel, petitioner did understand he was under oath. In his petition, petitioner claims that he was not advised of the possible negative consequences of false testimony by trial counsel. Whether or not he was advised of those consequences, petitioner was certainly aware of them, as in response to

3

the question: "Just like in court today when you took the oath to tell the truth, the whole truth, and nothing but the truth, you know you could be prosecuted for lying in court if you don't do that in court, do you understand that?" Petitioner answered, "Yes." Petitioner acknowledges that trial counsel did instruct him to take the stand to testify to what petitioner perceived as happening the day of his search and arrest, which was certainly not a suggestion that petitioner should lie.

Petitioner also claims ineffective assistance of trial counsel because counsel did not investigate the confidential informant. Petitioner claims that trial counsel did not inquire into why the DEA initiated surveillance and what was the probable cause or reasonable suspicion based upon. Trial counsel's lack of investigation was not ineffective because the identity of the confidential informant is irrelevant. The search of the petitioner's cars and home was based on petitioner's consent and the DEA did not need reasonable suspicion or probable cause to ask petitioner for consent to search. U.S. v. Pedroza, 269 F.3d at 828-9.

Petitioner's last claim is ineffective assistance of appellate counsel on his direct appeal. The conditional plea agreement entered into by petitioner and the government stated that the only issues that appellate counsel could raise on appeal were the denial of petitioner's motion to suppress evidence and the denial of the motion to dismiss; ineffective assistance of counsel; and involuntariness of the plea agreement. Appellate counsel raised both the denial of petitioner's motion to suppress evidence and the denial of the motion to dismiss on appeal to the Seventh Circuit. There was no reason to raise the issue of involuntariness because petitioner never claimed his plea was involuntary. Even in this petition, petitioner never claims the plea was

02 C 7451

entered into involuntarily. Therefore, appellate counsel could only be ineffective if he failed to raise the issue of trial counsel's ineffectiveness.

A conflict of interest can be grounds to find counsel's assistance ineffective. Cuyler v. Sullivan, 446 U.S. 335, 348-9 (1980). Petitioner did not raise this issue with the Seventh Circuit Court of Appeals nor was the court otherwise apprised of the possible conflict, therefore, this court will presume prejudice only if petitioner can show that "an actual conflict adversely affected his lawyer's performance." Spreitzer v. Peters, 114 F.3d 1435, 1450-1 (7th Cir. 1997), citing Cuyler, 466 U.S. at 348-9. Because this court has found that trial counsel was not ineffective, the petitioner can not demonstrate the prejudice necessary to prevail on either his claim of ineffective assistance of appellate counsel or his claim that appellate counsel had a conflict of interest.

ORDERED: Juan Pedroza's motion to vacate, set aside, or correct his sentence [1] is denied.

ENTER:

*[signature]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: APR 2 1 2003